IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-02305-WDM-PAC

BENAD ABIODUN,

    Applicant,

v.

DOUG MAURER,
DEPARTMENT OF HOMELAND SECURITY,
BUREAU OF IMMIGRATION AND CUSTOMS ENFORCEMENT,
JOHN SUTHERS, Attorney General of the State of Colorado,

    Respondents.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Patricia A. Coan, United States Magistrate Judge

This is a habeas corpus proceeding under 28 U.S.C. §2254. Applicant Benad Abiodun challenges the constitutionality of his 2002 criminal convictions in Jefferson County District Court. Applicant also claims that an Order of Removal entered against him by the Bureau of Immigration and Customs Enforcement ("ICE") violated his procedural and substantive due process rights.

A February 1, 2006 Order of Reference referred the Application to the undersigned to issue a recommendation on disposition. Respondent Colorado Attorney General filed an Answer to the §2254 Application on February 6, 2006.

The matter before the court at this time is a Motion to Dismiss Respondents Doug Maurer, Department of Homeland Security, and the Bureau of Immigration and Customs Enforcement, filed February 6, 2006. Applicant filed his Response on March 2, 2006.

I.

Applicant Benad Abiodun, a citizen of Nigeria, entered the United States illegally in 1990. (*See Abiodun v. Maurer, et al.*, Civil Action No. 05-cv-00352-WDM-PAC, Doc. #39, at 3)  Applicant applied for naturalization in August 2001, following his marriage to a United States citizen and adjustment of his status to lawful permanent resident.  (*Id.* at 3-4)  In April 2002, Mr. Abiodun was convicted by a Jefferson County District Court jury of two counts of possession, and two counts of distribution, of at least one ounce of a controlled substance.  (Application, at 1-2; Respondents' Answer, Ex. A) Applicant was sentenced to concurrent four year terms of imprisonment with the Colorado Department of Corrections on each count, and five years of mandatory parole.  (Application, at 2) Federal immigration authorities issued Applicant a Notice to Appear for Removal Proceedings on July 8, 2002 based on Applicant's conviction for an aggravated felony. (Civil Action No. 05-cv-00352-WDM-PAC, Doc. #39, at 5, and attached Ex. G) Applicant was notified on October 4, 2004 that his application for naturalization had been denied because of his conviction for an aggravated felony.  (*Id.* at 5-6, and attached Ex. H)

Applicant was released from the state prison on December 30, 2004.  The ICE took Applicant into custody, instituted removal proceedings, and entered an Order of Removal on May 4, 2005.  (Civil Action No. 05-cv-00352-WDM-PAC, Doc. #39, at 6, and attached Exs. I, J) The Board of Immigration Appeals denied Applicant's appeal on September 21, 2005.  (Civil Action No. 05-cv-00352-WDM-PAC, Doc. #44, and attached exhibit)

Applicant challenged the Order of Removal in Civil Action No. 05-cv-00352-WDM-PAC and requested review by the Tenth Circuit Court of Appeals.  (Civil Action No. 05-cv-

00352-WDM-PAC, Order on Recommendation of Magistrate Judge, (Doc. #57)) The District Judge in Civil Action 05-cv-00352-WDM-PAC transferred Applicant's claim seeking release from ICE custody and his request for review of the removal order to the Tenth Circuit Court of Appeals, pursuant to the Real ID Act of 2005, Pub. L. No. 109-13, §106(c), 119 Stat. 231 (codified at 8 U.S.C. §1252 n.[1]), which requires federal district courts to transfer any cases challenging a final order of removal that were pending as of May 11, 2005 "to the court of appeals for the circuit in which a petition for review could have been properly filed."

Applicant is presently in ICE custody in the Park County jail, located in Fairplay, Colorado. (*See* June 9, 2006 Notice of Change in Custody Location, attached to Doc. #23)

II.

The federal respondents, Doug Maurer, Department of Homeland Security, and ICE move to dismiss the §2254 Application for lack of subject matter jurisdiction on the following grounds: (1) Applicant is not in state custody; (2) Applicant is not being held in federal custody pursuant to a state court judgment; and (3) Applicant has completed his state court sentence. Respondents further argue that even if the court has jurisdiction to hear Applicant's claims challenging his state court conviction, the court lacks jurisdiction over the sixth claim for relief asserting that defendant Maurer violated Applicant's procedural and substantive due process rights.

---

[1] The REAL ID Act of 2005 eliminated federal district court habeas review over final orders of deportation, exclusion, and removal, and conferred exclusive jurisdiction to review such orders in the Circuit Courts of Appeal.  8 U.S.C. §1252(a)(5).

3

In their Reply brief, the federal respondents "clarify" that they are only challenging the court's jurisdiction under 28 U.S.C. §2254 to hear plaintiff's claims against the <u>federal</u> respondents.

Section 2254(a) of Title 28 United States Code states:

> . . . [A] district court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. §2254(a).

The requirement that the habeas applicant be "in custody" under the conviction or sentence under attack at the time the petition is filed is jurisdictional. *Broomes v. Ashcroft*, 358 F.3d 1251, 1254 (10th Cir. 2004); *Oyler v. Allendbrand,* 23 F.3d 292, 293 (10th Cir. 1994).

Respondent Colorado Attorney General does not challenge the court's jurisdiction under 28 U.S.C. §2254 to hear Applicant's constitutional challenges to his state court convictions; however, the court has a duty to inquire into its own jurisdiction. *See McGeorge v. Continental Airlines, Inc.*, 871 F.2d 952, 953 (10th Cir.1989).

Applicant is no longer in the physical custody of state authorities because he was released from his four year term of imprisonment in 2004. However, his state sentence included a five-year term of mandatory parole which has not expired. The Supreme Court has held that a state prisoner released on parole is in custody for purposes of federal habeas corpus jurisdiction because the parolee remains subject to significant restraints on his freedom. *Jones v. Cunningham*, 371 U.S. 236, 377 (1963). Accordingly, Applicant is

in dual custody: he is in the custody of Colorado as a parolee and he is in the physical custody of federal immigration authorities pursuant to a federal order of removal. *See Clonce v. Presley*, 640 F.2d 271, 273 (10th Cir. 1981). The fact that Applicant is being detained by ICE pending his removal from the United States does not divest Colorado of its parole custody. *Clonce*, 640 F.2d at 273 (holding that habeas petitioner paroled by Oklahoma and immediately transferred to federal custody on a federal parole violator warrant satisfied the custody requirement of §2254); *accord Ojo v. INS*, 106 F.3d 680, 681 and n.2 (5th Cir. 1997)(recognizing that federal prisoner released from prison sentence on supervised release into custody of INS which immediately initiated deportation proceedings against him was "in custody" for purposes of habeas relief under *Jones v. Cunningham*). Further, because the alleged unconstitutional state court convictions are the basis of the Removal Order, Applicant's removal from the United States may not be a certainty if he prevails in his §2254 Application and Colorado may once again exercise significant control over him. Accordingly, I recommend finding that the court has jurisdiction under 28 U.S.C. §2254 over Claims One through Five against Respondent Attorney General of the State of Colorado, because Mr. Abiodun was "in custody" as a result of his state court convictions at the time he filed his §2254 Application. Respondents Maurer, Department of Homeland Security and ICE are not proper respondents for Claims One through Five because they are not Applicant's custodians for his state court convictions. *See Braden v. 30th Judicial Circuit Ct. of Ky.,* 410 U.S. 484, 494-95 (1973)("The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody"); *Harris v.*

*Champion*, 51 F.3d 901, 906 (10th Cir. 1995)("the proper respondent to a habeas action is the habeas petitioner's custodian").

In Claim Six, Applicant alleges that "DHS" officials violated his procedural and substantive due process rights by entering a final order of removal against him. To the extent Applicant challenges the fact or duration of his ICE detention, this court lacks subject matter jurisdiction over that claim. As discussed above, Applicant raised the same challenge in Civil Action No. 05-cv-00352 and the claim was transferred to the Tenth Circuit Court of Appeals, pursuant to the Real ID Act of 2005.

To the extent Applicant is challenging the conditions of his confinement, claim six is not cognizable in a habeas corpus proceeding. *See Rael v. Williams*, 223 F.3d 1153, 1154 (10th Cir. 2000)(recognizing that "federal claims challenging the conditions of his confinement generally do not arise under §2241"). Indeed, Applicant agrees that claim six is "is not a proper subject of Section 2254." *See* Petitioner's Response to the Respondents' Motion to Dismiss, at 6.

III.

Accordingly, for the reasons set forth above, it is

**RECOMMENDED** that the Motion to Dismiss Doug Maurer, the Department of Homeland Security, and Bureau of Immigration and Customs Enforcement, filed February 6, 2006, be **GRANTED** as follows:

(1) Applicant's Claim Six - alleging that "DHS" officials violated Applicant's procedural and substantive due process rights - should be **DISMISSED**;

(2) Respondents Doug Maurer, Department of Homeland Security, and Bureau of

Immigration and Customs Enforcement should be **DISMISSED**. I

**FURTHER RECOMMEND** a finding that the court has jurisdiction under 28 U.S.C. §2254 over Claims One through Five of the Application against Respondent Colorado Attorney General.

**Within ten days after being served with a copy of the proposed findings and recommendation, any party may serve and file written objections to the proposed findings and recommendation with the Clerk of the United States District Court for the District of Colorado. The district judge shall make a de novo determination of those portions of the proposed findings or specified recommendation to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the proposed findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.**

**Failure to make timely objections to the magistrate judge's recommendation may result in a waiver of de novo review of the recommendation by the district judge and may also waive the right to appeal from a judgment of the district court based on the findings and recommendations of the magistrate judge.**

Dated July 11, 2006.

                                                BY THE COURT:

                                                s/ Patricia A. Coan
                                                PATRICIA A. COAN
                                                United States Magistrate Judge