IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 05-cv-02305-WDM-PAC

BENAD ABIODUN,

    Applicant,

v.

DOUGLAS MAURER,
DEPARTMENT OF HOMELAND SECURITY,
BUREAU OF IMMIGRATION AND CUSTOMS ENFORCEMENT,
JOHN SUTHERS, Attorney General of the State of Colorado,

    Respondents.
_____

**ORDER ON RECOMMENDATIONS OF MAGISTRATE JUDGE**
_____

Miller, J.

This matter is before me on two recommendations issued by Magistrate Judge Patricia A. Coan. The first, issued July 11, 2007, recommends that I grant the Motion to Dismiss filed by the Respondents Douglas Maurer, the Department of Homeland Security, and the Bureau of Immigration and Customs Enforcement (Federal Respondents). The second, issued October 19, 2006, recommends that I deny the Petition for Writ of Habeas Corpus. Applicant Benad Abiodun (Abiodun) filed timely objections to both recommendations. 28 U.S.C. § 636(b).

I have reviewed *de novo* the pertinent portions of the record in this case, including the Petition, the motion to dismiss, the recommendations, and Abiodun's objections. I

conclude both recommendations should be accepted.[1]

Abiodun is a citizen of Nigeria whose application for naturalization was denied after his conviction in Jefferson County District Court of possession and distribution of cocaine. After his release from incarceration on his state court sentence in late 2004, Abiodun was taken into custody by the federal immigration officials. An Order of Removal was entered against him, which the Board of Immigration Appeals affirmed in September 2005. Since that time, Abiodun has brought a variety of legal challenges regarding his conviction, the denial of his application for naturalization, and the order of removal.

The present effort is a petition pursuant to 28 U.S.C. § 2254 which primarily challenges the validity of his state court conviction. Abiodun has included a sixth claim in the present petition challenging the decisions of immigration officials to deny him naturalization and to order his removal. The Federal Respondents moved, *inter alia*, for dismissal of that claim based on a lack of subject matter jurisdiction.

In the July 11, 2006 recommendation, Magistrate Judge Coan concluded that sixth claim must be dismissed because, to the extent Abiodun alleges the final order or removal was unconstitutional, this court lacks jurisdiction over the claim.[2] To the extent the claim challenged the conditions of Abiodun's confinement, the claim is not cognizable in a habeas action. *Rael v. Williams*, 223 F.3d 1153, 1154 (10th Cir. 2000). Magistrate Judge

---

[1] I review *de novo* only the portions of the recommendations that are specifically addressed in Abiodun's objections.

[2] Abiodun raised the same, or similar, arguments in a previous action, Civil Action No. 05-cv-00352-WDM-PAC. I found I lacked jurisdiction over the challenge to his removal and transferred that portion of his case to the Tenth Circuit pursuant to the REAL ID Act of 2005.

Coan further concluded that the Federal Respondents should be dismissed because they are not Abiodun's custodians under section 2254 for purposes of his challenges to his state court conviction. *See Harris v. Champion*, 51 F.3d 901, 906 (10th Cir. 1995).

Applicant's objection to the recommendation relates to what he characterizes as the immigration authorities' violation of their "duty of care to grant his naturalization petition." July 19, 2006 Objection, at 2. He argues that as his custodians, the Federal Respondents must defend the constitutionality of his custody. Abiodun fails to explain how the Federal Respondents are his custodians for purposes of his section 2254 petition.[3] He also does not counter the portion of the July 11, 2006 recommendation that his sixth claim must be dismissed.

I agree with Magistrate Judge Coan that the Claim Six should be dismissed and that the Federal Respondents should be dismissed from the case.

On October 19, 2006, Magistrate Judge Coan recommended that Abiodun's petition, *i.e.*, the five claims challenging his state court conviction that remain after my acceptance of the first recommendation, be dismissed. Abiodun objected to this recommendation but, as discussed below, his arguments either do not address the recommendation or are unavailing.

Abiodun's first objection deals with what he perceives as a lack of materials necessary for his preparation of his response. He argues that he has been prejudiced by

---

[3] As noted by the Federal Respondents, Abiodun has already brought an action filed pursuant to 28 U.S.C. § 2241 against his federal custodians, as appropriate. That petition was dismissed by the Tenth Circuit Court of Appeals in January of this year. *Abiodun v. Gonzales*, No. 06-9527 (10th Cir. January 26, 2007) (2007 WL 196572).

a failure to provide him with the state court record which was used by the court in preparing the recommendation. He also complains that the immigration authorities have moved him to a county jail in a remote location where there are inadequate supplies and information to allow him to effectively respond. I find, as the Tenth Circuit Court of Appeals did previously, that Abiodun "has failed to demonstrate any actual injury that 'hindered his efforts to pursue a legal claim.'" *Abiodun v. Gonzales*, No. 06-9527 (10th Cir. January 26, 2007) (2007 WL 196572, at *3) (citing *Lewis v. Casey*, 518 U.S. 343, 351 (1996)).

Abiodun objects to the statement in the Recommendation that his fourth claim was "difficult to comprehend." He suggests that Magistrate Judge Coan is prejudiced against him for some reason and that she should be removed from the case. He provides no basis for his claim of bias other than his disagreement with Magistrate Judge Coan's rulings. Accordingly, I will overrule this objection.

Abiodun takes issue with the recommendation's conclusion that he failed to exhaust certain of his current claims. He argues that he must have administratively exhausted all his claims because his state appellate counsel stated, in correspondence with him, that issues that could have been raised on appeal were already raised. This contention does not address exhaustion standards and analysis set forth in the recommendation, which I have reviewed and accept.

Abiodun's objections concerning double jeopardy and sufficiency of the evidence fail to demonstrate why the Colorado state court rulings on those issues were contrary to, or involved an unreasonable application of, clearly established federal law, or involved an unreasonable determination of the facts in light of the record.

In paragraph 5 of his objection, Abiodun asserts that his state court conviction is not final. His argument does not address the recommendation and is not supported by the record. *See* Application, Exhibit 5.

Abiodun's citation to the "full faith and credit clause" of the U.S. Constitution is not relevant to his claims or to the recommendation's analysis or conclusions. Consequently, I do not consider this objection.

Abiodun's objections based on the Confrontation Clause, *Crawford v. Washington*, 541 U.S. 36 (2004), and rebuttal evidence do not call into question any of the analysis or conclusions in the recommendation.

Finally, I agree with recommendation that Abiodun received effective assistance of counsel in the state court proceedings, notwithstanding his objections to the contrary, which are based on assumption and conjecture.

The final two pages of Abiodun's objections merely restate arguments previously made in this case and his other related cases. They either have no connection with the recommendation at issue or have already been addressed. In short, Abiodun has failed to raise any issues which show, pursuant to a *de novo* review, that any part of the second recommendation should be rejected.

Accordingly, it is ordered:

1. The recommendation of Magistrate Judge Coan, issued July 11, 2006 (Docket No. 26), is accepted.

2. The Motion to Dismiss the Federal Respondents, filed February 6, 2006 (Docket No. 17), is granted, and the Federal Respondents are dismissed, as is the sixth

        claim for relief.

3.     The recommendation of Magistrate Judge Coan, issued October 19, 2006 (Docket No. 34), is accepted.

4.     The Petition for Writ of Habeas Corpus is denied.

DATED at Denver, Colorado, on March 30, 2007.

                                            BY THE COURT:

                                            s/ Walker D. Miller
                                            United States District Judge