IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 05-cv-02305-WDM-PAC

BENAD ABIODUN,

     Applicant,

v.

DOUGLAS MAURER,
DEPARTMENT OF HOMELAND SECURITY,
BUREAU OF IMMIGRATION AND CUSTOMS ENFORCEMENT,
JOHN SUTHERS, Attorney General of the State of Colorado,

     Respondents.

_____

**ORDER ON MOTION FOR RECONSIDERATION**
_____

Miller, J.

This matter is before me the motion for reconsideration filed April 9, 2007, by Applicant Benad Abiodun (Abiodun).  Abiodun challenges my March 30, 2007 order accepting two recommendations issued by Magistrate Judge Patricia A. Coan and dismissing his petition for writ of habeas corpus.  Specifically, he disagrees with my conclusion that he had not demonstrated why the Colorado state court rulings on the issues of double jeopardy and sufficiency of the evidence were contrary to, or involved unreasonable application of clearly established federal law, or involved an unreasonable determination of the facts in light of the record.

The Federal Rules of Civil Procedure do not provide for motions for reconsideration. In general, the Tenth Circuit construes a motion to reconsider that is filed within ten days

after an order or judgment as a motion to alter or amend pursuant to Rule 59(e); a motion to reconsider filed after ten days is treated as a motion for relief from judgment under Rule 60(b).  *Weitz v. Lovelace Health Sys., Inc.*, 214 F.3d 1175, 1178 (10th Cir. 2000).

Abiodun's motion was filed within the ten-day period after judgment entered on March 30, 2007.  Accordingly, I construe the motion as one to alter or amend the judgment pursuant to Rule 59(e).

A motion to alter or amend a judgment pursuant to Fed. R. Civ. P. 59(e) should be granted only to address (1) an intervening change in the controlling law; (2) new evidence previously unavailable; or (3) the need to correct clear error or prevent manifest injustice.  *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  Such a motion is not an appropriate vehicle to "advance arguments that could have been raised in prior briefing."  *Id.  See also Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) ("A Rule 59(e) motion to alter or amend the judgment should be granted only 'to correct manifest errors of law or to present newly discovered evidence'") (citations omitted).

Abiodun neither raises new evidence nor argues an intervening change in the controlling law; indeed, he reiterates arguments raised before the Magistrate Judge and in his objections to her recommendations.  I have reviewed my previous order and conclude that Abiodun has not shown the need to correct clear error or to prevent manifest injustice.  I therefore conclude he is not entitled to relief under Rule 59(e).

Accordingly, it is ordered that the motion for reconsideration, filed April 9, 2007, is denied.

DATED at Denver, Colorado, on April 12, 2007.

BY THE COURT:


s/ Walker D. Miller
United States District Judge