IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
SENIOR JUDGE WALKER D. MILLER

Civil Action No. 05-cv-02305-WDM-PAC

BENAD ABIODUN,

    Applicant,

v.

DOUGLAS MAURER,
DEPARTMENT OF HOMELAND SECURITY,
BUREAU OF IMMIGRATION AND CUSTOMS ENFORCEMENT,
JOHN SUTHERS, Attorney General of the State of Colorado,

    Respondents.

_____

**ORDER ON MOTION FOR RELIEF FROM JUDGMENT
PURSUANT TO FED. R. CIV. P. 60(b)**
_____

Miller, J.

    This matter is before me on the Applicant's Motion to Seek Relief from the Judgment Pursuant to Fed. R. Civ. P. 60(b) (ECF No. 62). Applicant filed a substantially similar motion in another related (closed) case. *See Abiodun v. Gonzales*, Civil Action No. 07-cv-00278-MEH-PAC, ECF No. 67. For the reasons that follow, Applicant's motion will be denied.

    Applicant seeks relief from the judgment entered pursuant to my March 30, 2007 order (ECF No. 37) accepting two recommendations issued by Magistrate Judge Patricia A. Coan and dismissing his petition for writ of habeas corpus. I will not describe the background of this case in detail as it has been exhaustively covered in this and other litigation. In short, Applicant is a citizen of Nigeria whose application for naturalization in

this country was denied after he was convicted in Jefferson County, Colorado on state drug charges. After his release from incarceration on the state court sentence, Applicant was placed in removal proceedings and ultimately deported to Nigeria. In the interim, he pursued numerous legal challenges to the underlying convictions, the denial of his application for naturalization, and the order of removal. *See, e.g., Abiodun v. Gonzales*, 217 Fed. Appx. 738 (10th Cir., Jan. 26, 2007) and *Abiodun v. Gonzales*, 461 F.3d 1210 (10th Cir. 2006); *see also* Fed. Respondents' Resp. To Mot., ECF No. 70, at 3 (listing cases filed by Applicant).

The habeas petition in this case primarily concerned the validity of the state court conviction pursuant to 28 U.S.C. § 2254 (an additional claim concerning against the federal defendants was dismissed for lack of jurisdiction, pursuant to Magistrate Judge Coan's recommendation). In a careful and thorough recommendation (ECF No. 34), Magistrate Judge Coan reviewed Applicant's challenges to the state court convictions, delineated the exhausted and unexhausted claims, evaluated his claims of ineffective assistance of counsel for the failure to exhaust certain claims, and examined the merits of the exhausted claims. Applying the appropriate standard for a habeas petition, Magistrate Judge Coan concluded that the state courts' decisions on the issues were not contrary to nor an unreasonable application of federal law and recommended that the petition be dismissed. I overruled Applicant's objections and accepted the recommendations. I thereafter denied Applicant's motion to reconsider.

Now, three years after judgment was entered in this case, Applicant again seeks to relitigate his state court convictions and the immigration proceedings. As grounds, Applicant argues that the judgment in this case is not final because it was based on "void

judgments under Rule 60(b)(4) and exceptional circumstances existed which had denied applicant a full and fair opportunity to litigate his case from receiving redress under Rule 60(b)(6);" my decision was erroneous; the state court convictions and affirmance thereof are void under principles of due process, double jeopardy, and legal insufficiency of the evidence; and Applicant was unlawfully denied the ability to file civil actions because of the federal defendants' actions in transferring him to various detention facilities.

I am greatly assisted in this matter by the briefs of the Respondents and by the order issued by Magistrate Judge Michael E. Hegarty denying a nearly identical motion in Civil Action 07-cv-00278-MEH-PAC. June 8, 2010 Order, ECF No. 68. Magistrate Judge Hegarty concluded that Applicant's motion should be denied as successive and untimely and for lack of merit. I will deny Applicant's motion on substantially the same grounds.

The threshold issue in a Rule 60(b) motion in a 28 U.S.C. § 2254 proceeding is to determine whether the motion should be treated as a true 60(b) motion or a second or successive habeas petition. *Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006) (citing *Gonzales v. Crosby*, 545 U.S. 524 (2005)). "[A] 60(b) motion is a second or successive petition if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction." *Id.* (citation omitted). A "true" 60(b) motion, on the other hand, is one that either "(1) challenges only a procedural ruling of the habeas court which precluded a merits determination of the habeas application; or (2) challenges a defect in the integrity of the federal habeas proceeding, provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition." *Id.* at 1216.

To the extent the motion contains arguments that can be construed as a second or

successive habeas application, Applicant is required to successfully apply to Tenth Circuit Court of Appeals for an order authorizing me to consider the petition. *Id.* at 1215; 28 U.S.C. § 2244(b)(3)(A). However, it is within my discretion to conclude that it is not in the interest of justice to transfer the matter to the court of appeals for such authorization. *In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008) (discussing successive petitions and transfer under 28 U.S.C. § 1631). "Factors considered in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction." *Id.*

I first examine whether the motion contains any true Rule 60(b) arguments. Applicant's conclusory assertion that the judgment is "void" is not sufficient, as this argument is essentially a rephrased attack on the validity of the underlying state court convictions. At most, Applicant's contention that the federal authorities denied him access to the courts by transferring him to different facilities could be a genuine Rule 60(b) issue, in that it could be construed as a defect in the proceedings that prevented a claim from being heard on the merits. However, versions of this claim have already been addressed in this court and by the Tenth Circuit. *Abiodun v. Gonzales*, 217 Fed. Appx. 738 (10th Cir., Jan. 26, 2007) (finding that Applicant failed to demonstrate any actual injury that hindered his efforts to pursue a legal claim). As the federal Respondents note, the record more than adequately demonstrates that Applicant had full access to the courts, given his extensive litigation. Moreover, I agree with Magistrate Judge Hegarty that to the extent Applicant's motion contains true Rule 60(b) claims, they are untimely. Claims pursuant to Rule

60(b)(4) and (6) must be filed within a "reasonable" time and three years is not reasonable, particularly given the lack of any explanation for such a delay. *Sorbo v. United Parcel Serv.,* 432 F.3d 1169, 1178 (10th Cir. 2005) (finding no abuse of discretion in trial court's determination that 60(b) motion filed within one year was untimely where plaintiff offered no justification for the delay).

Applicant's motion is primarily a second or successive habeas petition. A claim in a successive application that was presented in a previous application must be dismissed. 28 U.S.C. § 2244(b)(1). A claim in a successive application that was not presented in a prior application must be dismissed unless the applicant shows the claim relies on (1) new law, specifically a new rule of constitutional law made retroactive that was previously unavailable, or (2) new facts, if the factual predicate for the claim could not have been discovered previously through the exercise of due diligence and these new facts would be "sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2).

Applicant's claims are either duplicative of the arguments he has previously raised in this and other proceedings or completely fail to meet the standard for new claims in a successive habeas petition. He does not identify any new constitutional principle that should apply to his case nor does he present new evidence that establishes that no jury would have convicted him of the state drug charges but for constitutional error. He simply rehashes the arguments he has made in his repeated previous litigation. Finally, as both sets of Respondents note, Applicant is not in the custody of either state or federal authorities and no longer resides in the United States; a threshold element of a § 2254

application is that the petition must be filed "in behalf of a person in custody."  28 U.S.C. § 2254(a).  A habeas petition is not the appropriate vehicle for Applicant's challenges.

Accordingly, Applicant's Motion to Seek Relief from the Judgment Pursuant to Fed. R. Civ. P. 60(b) (ECF No. 62) is denied.

DATED at Denver, Colorado, on March 8, 2011.

BY THE COURT:

s/ Walker D. Miller
United States Senior District Judge